United States District Court
Southern District of Texas
**ENTERED**
November 27, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:21-cv-317

JAMES RODDEN, ET AL., *PLAINTIFFS*,

v.

ANTHONY FAUCI, ET AL., *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The plaintiffs, eleven federal employees, have sued for relief from the President's Executive Order 14043 (the order).[1] The order mandates that all federal agencies "require COVID-19 vaccination for all of [their] Federal employees, with exceptions only as required by law." Exec. Order No. 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees, 86 Fed. Reg. 50,989, 50,990 (Sept. 14, 2021). The plaintiffs all claim to have had COVID-19 in the past and have immunity equal to or greater than that

---

[1] The plaintiffs work for U.S. Immigration and Customs Enforcement (ICE), the Department of the Navy, the Federal Aviation Administration, the Department of Agriculture, the Secret Service, and the Transportation Security Administration. Dkt. 1 at 11–12 ¶¶ 1–11.

provided by at least some of the approved vaccines. *See* Dkt. 1 at 23–24, 32 ¶¶ 71–78, 112. But, for the reasons below, the court cannot grant them preliminary relief.

## Procedural History

The plaintiffs filed this action on November 5, 2021, alleging violations of the Fifth Amendment's Due Process Clause. *See generally id.* They argue the order violates a substantive due process right to refuse unwanted medical care (Count I), the right to liberty and against unconstitutional conditions (Count II), and is unconstitutionally discriminatory (Count III). *Id.* at 43–57. They also claim the order violates the Food, Drug, and Cosmetic Act's provision requiring recipients of emergency-use products to be informed of the "option to accept or refuse administration," the "significant known and potential benefits and risks of such use, and of the extent to which such benefits and risks are unknown" (Count IV). *Id.* at 57–62; 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(II–III). Finally, they claim the policy announced in the order constitutes agency action and is arbitrary and capricious under the Administrative Procedure Act (APA) (Count V). Dkt. 1 at 62–65.

The defendants are various members of the Safer Federal Worker Task Force (the Task Force) and the White House Covid-19 Response Team, various agencies that are members of the Task Force, and "the Government

of the United States." *Id.* at 12–16 ¶¶ 12–45. The members of the Task Force include certain heads of federal agencies. *Id.*

Along with filing their complaint, the plaintiffs also moved on November 5 for a temporary restraining order and preliminary injunction. Dkt. 3. The preliminary relief requested would apply to all similarly situated to the plaintiffs, meaning all federal employees who could establish natural immunity from having contracted COVID-19. *Id.* at 3, 30.

On November 12, the plaintiffs requested a hearing on their motion, Dkt. 9, which occurred on November 16 and focused largely on scheduling. The plaintiffs insisted they needed relief by November 28 at the latest. *See* Dkt. 14, Hrg. Tr. 4:17–5:2. But the defendants replied that ten of the eleven plaintiffs do not need relief that soon as they have requested an exemption from the vaccine mandate for religious or medical reasons. *Id.* at 5:12–6:3. Even if an exemption is denied, the defendants argued, the plaintiffs would still have fourteen days from the date of the denial to start the vaccination process. *Id.* The court told the parties that it intended to rule on the request for preliminary relief by November 28. *See id.* at 20:2–9.

After the hearing, the plaintiffs supplemented their motion for preliminary relief conceding that ten of the eleven plaintiffs had indeed requested an exemption. But, they argue, the remaining plaintiff's claims are

ripe because the process to discipline her for refusing the vaccine has already begun. Dkt. 16 at 2–3.

The defendants filed their response to the motion on November 22. Dkt. 23. The plaintiffs filed their reply to that response the next day. Dkt. 27.

## Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20.

## Irreparable Harm

The party seeking a preliminary injunction must show that the threatened irreparable harm is "more than mere speculation," *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011), and "that the injury is imminent." *Humana, Inc. v. Jacobson,* 804 F.2d 1390, 1394 (5th Cir. 1986). Ten of the eleven plaintiffs have claimed an exemption from the vaccine mandate. All of the employer agencies in this case have guaranteed that their employees will be given at least two weeks to initiate the vaccination process after their

exemption requests are resolved. *See* Dkt. 23, Ex. C–H. At this point, it is too speculative to say that the plaintiffs who have claimed an exemption are in imminent danger of irreparable harm. There is little to suggest either how soon the exemption claims will be resolved or how likely the claimants are to prevail.

The defendants argue that the one plaintiff who has not requested an exemption still has no ripe claim because she may yet request an exemption and will have opportunities in the administrative process to contest any disciplinary action. Dkt. 23 at 15–16. But the fact remains that she has not claimed an exemption and the process to discipline her has already begun. *See* Dkt. 16 at 3. It appears she has shown a likely irreparable injury. Nevertheless, as explained below, the court cannot grant her the relief she seeks.

### Success on the Merits

The plaintiffs must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). But in this case, the one plaintiff who has possibly established likely irreparable harm has not sought relief that would actually redress her injury. The plaintiffs primarily seek to enjoin the Task Force from enforcing its

guidance. But, the defendants correctly note, the Task Force guidance is just that—"guidance"—and is nonbinding on the agencies it seeks to guide. Dkt. 23 at 17. The only action binding the agencies is the President's order itself. But the court does not have "jurisdiction of a bill to enjoin the President in the performance of his official duties." *State of Mississippi v. Johnson*, 71 U.S. 475, 501 (1866).[2] And enjoining the Task Force would still leave the agencies obligated to enforce the order.

The plaintiffs seemingly address this argument by contending that the Task Force guidance is "agency action" subject to the requirements of the APA. Dkt. 27 at 10 (internal quotation marks omitted). But their effort is unavailing. First, it remains that the Task Force has issued no directive that has the force of law to any government agency. The order requires not the Task Force but "[e]ach agency" to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its Federal employees." Exec. Order No. 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees, 86 Fed. Reg. at 50,990. Granted, it also provides that "[t]he Task Force shall issue guidance within 7 days of the

---

[2] *See also Franklin v. Massachusetts*, 505 U.S. 788, 827 (1992) (Scalia, J., concurring) ("It is incompatible with his constitutional position that [the President] be compelled personally to defend his executive actions before a court."). Even if the court could enjoin the President, the plaintiffs have not requested that relief.

date of this order on agency implementation of this requirement for all agencies covered by this order." *Id.* But nowhere does the order give the Task Force the authority to bind agencies to its issued guidance. The Task Force's stated mission is to merely provide "ongoing guidance to heads of agencies." Exec. Order No. 13991, Protecting the Federal Workforce and Requiring Mask-Wearing, 86 Fed. Reg. 7045, 7046 (Jan. 20, 2021). Though the Task Force purported to establish a deadline of November 28, nothing shows that the deadline is enforceable against any of the agencies.

Second, the court is not convinced that the actions of the Task Force are subject to APA review. The plaintiffs contend that the Task Force is engaged in "agency actions" under the APA. Dkt. 27 at 10 (internal quotation marks omitted). But the case the plaintiffs rely on, *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 219 F. Supp. 2d 20 (D.D.C. 2002), does not stand for the proposition that they suggest. They are correct that the court in *Judicial Watch* rejected the government's argument that simply because government officials claimed that they acted "only as participants in a policy-making group" and "were not making decisions on behalf of their agencies" that nothing they did could amount to agency action. *Judicial Watch*, 219 F. Supp. 2d at 38. But that holding does not conflict with the D.C. Circuit's longstanding rule that a task force is not an agency when, like the Task Force

here, it has no "substantial independent authority." *Meyer v. Bush*, 981 F.2d 1288, 1297 (D.C. Cir. 1993).

Further, the question is not whether the Task Force ever engages in "agency action," but whether the guidance can be considered a *final agency action* reviewable under the APA. Final agency actions are those "which (1) 'mark the consummation of the agency's decisionmaking process,' and (2) 'by which rights or obligations have been determined, or from which legal consequences will flow.'" *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). Here, any final agency action will likely be taken by the specific agency for which each plaintiff works. Those agencies will decide who receives an exemption, whether and what additional remedial measures and procedures should be taken, and whether and how individual employees should be disciplined. *See* Task Force, FAQs, Vaccinations, Enforcement of Vaccination Requirement for Federal Employees (viewable at https://perma.cc/X78K-D9GD).

To obtain injunctive relief, a plaintiff must ask for that relief against a party who can redress her claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 568 (1992). In this case, the sole plaintiff with potentially ripe claims is an employee of ICE. Dkt. 1 at 11 ¶ 7. If she faces an imminent injury, it is at the hands of ICE, not the Task Force. Even if the Task Force influences the

ultimate agency decision, the injury is not redressable if it results from the independent action of some third party not before the court. *Bennett*, 520 U.S. at 167; *see also Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 657–58 (5th Cir. 2019) (holding that injury was not traceable to the federal agency defendant when the offending program was actually administered by a state agency not named in the suit). Because neither ICE nor any ICE official has been named as a defendant in this action, the court has no one to enjoin to provide any relief. *See* 5 U.S.C. § 702. The one plaintiff with a potentially ripe claim has thus failed to show a likelihood of success on the merits—a failure which is fatal to her application for preliminary equitable relief.

### Balance of the Equities and the Public Interest

Because all of the plaintiffs have failed to show either a likelihood of irreparable harm or success on the merits, the court need not address the remaining requirements for injunctive relief.

\* \* \*

The court believes the constitutional questions this case raises are serious and concerning. But because the individual plaintiffs have either failed to show the likelihood of imminent and irreparable harm or have failed to sue any defendant the court could enjoin to actually prevent such harm,

the court cannot issue the requested preliminary relief. The motion for a temporary restraining order and preliminary injunction, Dkt. 3, is denied.

Signed on Galveston Island this 27th day of November, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE