UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES RODDEN, et al., | § § § § | |
| Plaintiffs, | | |
| v. | § § § § § § | Civil Action 3:21-cv-00317 |
| DR. ANTHONY FAUCI, et al., | | |
| Defendants. | | |

## DEFENDANTS' MOTION TO STAY

Defendants, through undersigned counsel, hereby request that the Court stay this litigation. As the Court is aware, *Feds for Medical Freedom v. Biden*, 3:21-cv-356, is a related case involving a similar challenge to Executive Order No. 14043. The Court issued a nationwide preliminary injunction in *Feds for Medical Freedom*. The government has filed a notice of appeal of that ruling. The issues to be presented on appeal overlap with the issues to be resolved by the Court in this case. Accordingly, in the interest of conserving judicial resources, Defendants move to stay further litigation, pending final resolution of the *Feds for Medical Freedom* preliminary injunction appeal. In further support of this motion, Defendants would show the Court the following:

1. This action was filed on November 5, 2021, and Plaintiffs requested a preliminary injunction that same day. *See* Doc. No. 1 and 3.

2. After full briefing, the Court denied Plaintiffs' motion for a

preliminary injunction on November 27, 2021. Doc. No. 30. Plaintiffs filed an amended complaint on December 29, 2021. Doc. No. 35.

3. Plaintiffs in *Feds for Medical Freedom* filed suit and then requested a preliminary injunction on December 22, 2021. Doc. No. 3 in *Feds for Medical Freedom*. That lawsuit, like this one, alleges, among other things, that Executive Order 14043 is *ultra vires*, in excess of statutory authority, and arbitrary and capricious. *Compare* Compl. ¶¶ 163-223, *Feds for Medical Freedom*, *with, e.g.*, Am. Compl. ¶¶ 279-297.

4. The Court issued a nationwide injunction in *Feds for Medical Freedom* on January 21, 2022. Doc. No. 36 in *Feds for Medical Freedom*. The Court ordered that "[a]ll the defendants, except the President, are thus enjoined from implementing or enforcing Executive Order 14043 until this case is resolved on the merits." *Id*. While the injunction is in effect, the government understands it to bind the entire Executive Branch, and "the Federal Government will take no action to implement or enforce the COVID-19 vaccination requirement pursuant to Executive Order 14043." *Frequently Asked Questions Related to Compliance with the Applicable Preliminary Nationwide Injunction on Implementation and Enforcement of the Vaccination Requirement Pursuant to Executive Order (E.O.) 14043*, https://perma.cc/C5LA-DGCT, at 2.

5. In making its decision, the Court addressed several key arguments

and issues presented in this case, including whether federal employees' challenges to Executive Order 14043 are precluded by the Civil Service Reform Act ("CSRA"), whether federal employees who seek to preemptively challenge enforcement of Executive Order 14043 in district court present ripe claims, and whether Executive Order 14043 was a lawful exercise of the President's constitutional and statutory authority.

6. The government has filed a notice of appeal of the Court's preliminary injunction order in *Feds for Medical Freedom*. Doc. No. 37 in *Feds for Medical Freedom*. The government has also moved both the district court and the Fifth Circuit for a stay of the preliminary injunction pending appeal. Doc. No. 40 in *Feds for Medical Freedom*; Doc. No. 00516192163, Case No. 22-40043 (5th Cir. Jan. 28, 2022).

7. On February 9, 2022, the Fifth Circuit ordered that the government's stay motion be carried with the case, and set an expedited briefing schedule pursuant to which the government's appeal of the *Feds for Medical Freedom* preliminary injunction will be fully briefed on March 23, 2022. *See* Doc. No. 00516197133, Case No. 22-40043 (5th Cir. Feb. 9, 2022); Doc. No. 00516197148, Case No. 22-40043 (5th Cir. Feb. 9, 2022).

8. In this case, Plaintiffs renewed their request for emergency injunctive relief, but on January 31, 2022, they withdrew their request based on the nationwide injunction in *Feds for Medical Freedom*.

9. This court has broad discretion to stay this action. "A district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Heck v. Triche*, 775 F.3d 265, 276 (5th Cir. 2014) (internal quotations and citations omitted); *see also, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing a district court's "broad discretion to stay proceedings"). This includes the power to enter a stay "when a related case with substantially similar issues is pending before a court of appeals." *Greco v. Natl. Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015). In determining whether to stay a case, the court must consider what is "efficient for its own docket" as well as "the fairest course for the parties." *Id*.

10. Here, conservation of the Court's and the parties' resources weighs in favor of a stay. A stay will promote efficiency because appellate disposition of the *Feds for Medical Freedom* appeal is likely to provide substantial, if not dispositive, guidance with respect to central issues presented in this case. *See, e.g., Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) ("Staying a case pending in a district court in the Fifth Circuit is appropriate when the district court anticipates that the Fifth Circuit will issue a ruling in an unrelated case that addresses unresolved issues in the stayed case"); *Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017 (granting stay pending appeal where it would "waste judicial resources

4

to decide" legal issues for which "guidance from [the relevant court of appeal] is likely to be available soon"). Awaiting final resolution of the *Feds for Medical Freedom* appeal would conserve the resources of the parties and the Court and eliminate the need to address legal issues—including threshold jurisdictional defenses such as CSRA preclusion—that the Fifth Circuit is currently considering on appeal. *See Coker*, 161 F. Supp. 3d at 495 (stay of proceedings pending appeal appropriate where the issues presented on appeal "would simplify and resolve threshold issues relating to . . . jurisdiction").

11.   Moreover, the requested stay would not prejudice the Plaintiffs. So long as the *Feds for Medical Freedom* injunction remains in place, they face no threat of harm from Executive Order 14043. *See, e.g.*, Minute Order of Dec. 10, 2021, *Texas v. Biden*, No. 3:21-cv-309-JVB (S.D. Tex.) (staying challenge to Executive Order 14042 in light of another district court's nationwide injunction).

12.   As noted above, the government has moved to stay the *Feds for Medical Freedom* preliminary injunction. If the government succeeds in staying or narrowing that injunction, Plaintiffs could move to lift the stay and the parties could at that time promptly confer about an appropriate schedule for further proceedings.

13.   If the Court determines that this matter should not be stayed at this time, Defendants request in the alternative that the Court extend all

5

deadlines by 30 days and reset the initial conference currently set for February 23, 2022. Such an extension would serve the interests discussed above because it would allow additional time for the appellate proceedings in *Feds for Medical Freedom* to play out.

Because there is no need for overlapping litigation regarding Executive Order 14043 in this case, Defendants request that the Court stay this action pending final resolution of Defendants' appeal of the *Feds for Medical Freedom* preliminary injunction.

DATED: February 10, 2022

                                               Respectfully Submitted,

                                               *s/Jimmy A. Rodriguez*
                                               Jimmy A. Rodriguez
                                               Assistant United States Attorney
                                               Southern District of Texas
                                               Attorney in Charge
                                               Texas Bar No. 24037378
                                               Federal ID No. 572175
                                               1000 Louisiana, Suite 2300
                                               Houston, Texas 77002
                                               Tel: (713) 567-9532
                                               Fax: (713) 718-3303
                                               jimmy.rodriguez2@usdoj.gov

## CERTIFICATE OF CONFERENCE

Counsel for Defendants conferred with Counsel for Plaintiffs who indicated that Plaintiffs oppose this motion.

## CERTIFICATE OF SERVICE

I certify that on February 10, 2022, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney