UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JAMES RODDEN, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>ANTHONY FAUCI, Chief COVID Response Director of the National Institute of Allergy and Infectious Diseases, et al.<br><br>*Defendants*. | Civil Action No. 3:21-cv-00317 |

## **PLAINTIFFS' DISCOVERY CASE MANAGEMENT PLAN**

Plaintiffs, by undersigned counsel hereby submit their case management plan in lieu of a joint discovery plan. Up front, Plaintiffs' counsel apologizes to the Court for the lateness of this filing. While the scheduling conference was calendared, for reasons unclear the dates that precede it were not or were lost on the system. Plaintiff and Defendants' counsel have been in frequent contact concerning this case since its filing, as the active docket evinces.

Discovering the error today Plaintiffs' counsel John J. Vecchione called and emailed defendants' counsel Jimmy Rodriguez. While the draft of this document could not be circulated and approved today, Mr. Rodriguez will assert any disagreement or clarifications at the conference tomorrow. In accordance with Rule 26(f) and the Court's order Plaintiffs state as follows:

1

1. Plaintiffs' Counsel John J. Vecchione and Defendants' counsel Jimmy Rodriguez have spoken a number of times over the telephone since the filing of this case, most recently today. Mr. Vecchione is in Washington D.C. and Mr. Rodriguez, presumably in Texas. Both attorneys have filed their appearances and were the only attorneys in attendance.

2. There are no "related" cases as that term is used in the federal rules. However, before this Court is *Feds for Medical Freedom v. Biden*, No. 3:21-cv-356 (S.D. Tex. 2021) which addresses the same vaccine mandate.

    3. The President has issued an executive order and the administrative agencies have promulgated rules that require civilian federal employees to be vaccinated for Covid-19, whether on vaccines for emergency use or not, against their own medical judgment. Plaintiffs allege this violates their constitutional and other rights.

    4. Plaintiffs allege this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1337, and 1361, as well as under nonstatutory review equitable jurisdiction8 attaching to jurisdiction pursuant to Sections 1331, 1337, 1361 and/or 1651. That is because the claims here arise under the Constitution and statutes of the United States and because Plaintiffs seek prospective redress against federal actors in their official capacities to end the deprivation of Plaintiffs' federal rights and/or orders. Defendants dispute jurisdiction in this court.

5. The defendants disagree with jurisdiction for the reasons fully explained in the motion to dismiss, filed Friday February 18, 2022.

6. The parties have conferred and do not believe any other parties should be included or are wanted.

7. The parties do not anticipate any interventions.

8. The class claimed is:

i) All non-uniformed service federal employees within the meaning of 5 U.S.C. § 2105 employed by the United States government (ii) on or after October 8, 2021 (the deadline for the earliest of those employees to become vaccinated against COVID-19), including employees newly hired, whether or not they work at federal buildings or other facilities, at home, or both (iii) who have naturally acquired immunity demonstrable by antibody testing and where (iv) such employees have withheld their consent to taking such a vaccine.

The request is only for an injunctive class.

9. This is an administrative proceeding which the parties anticipate will be addressed by filing the administrative record at the appropriate time. Plaintiffs have filed all necessary information needed but, except perhaps for expert commentary, does not believe extensive discovery will be needed if the administrative record is complete.

10. The Defendants do not wish to submit an administrative record until the present dipositive motion is adjudicated. Plaintiffs do not oppose that request.

11. The parties at present contemplate resolution of this matter by cross-motions. Should those not dispose of the matter in this court an administrative record will be filed and action on that record would proceed.

12. No discovery has been undertaken for the reasons described.

13. This case may be promptly resolved by motion practice. Defendants have moved to dismiss and Plaintiffs contemplate cross-moving for summary judgment. If that is unavailing this case will proceed upon the administrative record supplemented, if necessary at most with expert testimony on natural immunity.

14. The parties have discussed the case in detail on many occasions and Defendants have filed a motion to dismiss which Defendants believe the will cross-move against for summary judgment.

15. Neither party thinks this case will be resolved by ADR given the nature of the rights asserted by each side.

16. The parties do not agree to trial or adjudication of the ultimate issue before the magistrate.

17. It was made on first filing and in the amended complaint and Plaintiff believes it is timely. But at present neither party believes a trial in this case will be necessary.

18. Unknown.

19. The Plaintiffs had a motion for TRO. They withdrew it when the court entered a preliminary injunction in *Feds for Freedom* but there has been no minute order noting the end of that motion. One should be entered. Defendants have moved to stay the case which Plantiffs oppose and will file a response on Thursday the 24th of February.

20. There is a motion to dismiss that was filed on Friday February 18, 2022. There was a motion for stay filed on February 10th, 2022. Previous TRO and Preliminary judgment motions were ruled upon by the Court.

21. The administrative record will have to "lodged." Courts have different requirements as to how that is done and the parties will likely seek the Court's preferences should it be necessary.

22. Plaintiff filed the list of interested parties on 11.29.2021 at ECF 32.

Respectfully submitted,

/s/ *John J. Vecchione*

John J. Vecchione
Senior Litigation Counsel
Virginia Bar # 73828
John.Vecchione@ncla.legal
*Admitted Pro Hac Vice*

/s/

Jenin Younes*
Litigation Counsel
New York Bar # 5020847
Jenin.Younes@ncla.legal
*Admitted Pro Hac Vice*
* Admitted only in New York. DC practice limited to matters and proceedings before United States courts and agencies. Practicing under members of the District of Columbia Bar.

/s/ _____
Harriet Hageman
Senior Litigation Counsel
Wyoming Bar # 5-2656
Harriet.Hageman@ncla.legal
*Admitted Pro Hac Vice*

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238

/s/ _____
ROBERT HENNEKE
Texas Bar No. 24046058
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, TX 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728
rhenneke@texaspolicy.com

*Attorneys for Plaintiff*