**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JAMES RODDEN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>ANTHONY FAUCI, Chief COVID Response Director of the National Institute of Allergy and Infectious Diseases, et al.<br><br>*Defendants*. | Civil Action No. 3:21-cv-00317 |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT STAY, CERTIFY CLASS, GRANT SUMMARY JUDGMENT, AND ISSUE PERMANENT INJUNCTION**

Defendants' inchoate and as yet unrealized interest in seeking *certiorari* in its appellate loss defending the federal-worker vaccine mandate does not prevent this Court from lifting the stay. *See Vanderstelt v. Biden*, No. 1:22-cv-5, ECF 36 (W.D. Mich. May 31, 2023) (Lifting stay in case challenging federal-contractor vaccine mandate after government requested and received extension on deadline to file *cert*. petition). Defendants' professed interest in Supreme Court review demonstrates the government's continued intent to keep "vigorously defending" the challenged federal-worker vaccine mandate, thus confirming the case is not moot under the voluntary-cessation doctrine. *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022). Finally, Defendants fail to address the merits of Plaintiffs' motion for class certification, summary judgment, and injunctive relief. They therefore forfeit counterarguments.

1

## I.  Professed Interest in Seeking *Certiorari* Does Not Prevent Lifting of the Stay

Defendants ask the Court to keep the stay in place while the government considers seeking *certiorari* in *Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023) (en banc).[1] But Defendants fail to explain why the Solicitor General would ask the Supreme Court to review a case that Defendants argue is moot. *See* Def. Br. 4. Nor do they explain why the Court would grant review. There is no reason to maintain the stay in this case simply because the Solicitor General theoretically could decide to seek *certiorari*. Indeed, even when a party does seek *certiorari*, proceedings normally continue in lower courts, and there is no reason that process should be different here. *See, e.g.*, Fed. R. App. P. 41.[2] In any event, in the remote likelihood that the Solicitor General in fact petitions the Supreme Court *and* the Court grants that petition, this Court can always re-issue a stay at that time.

The Western District of Michigan recently lifted a stay under identical conditions. *Vanderstelt v. Biden*, No. 1:22-cv-5, ECF 36 (W.D. Mich. May 31, 2023). In *Vanderstelt*, the district court stayed a challenge against the federal-contractor vaccine mandate while the Sixth Circuit reviewed a preliminary injunction against that mandate. The Sixth Circuit upheld that injunction because it found "the President exceeded his authority in issuing the contractor mandate." *Commonwealth v. Biden*, 57 F.4th 545, 555 (6th Cir. 2023). As in this case, the government voluntarily withdrew the mandate, Executive Order 14099, 88 Fed. Reg. 30,891 (May 9, 2023), and it requested and received an extension of time to seek *certiorari* on its appellate loss, *Biden v. Kentucky*, No. 22A859 (U.S.). But the government's interest in potentially seeking *certiorari* did not prevent the *Vanderstelt* court from lifting the stay and ordering the government to file responsive papers. No. 1:22-cv-5, ECF 36. This Court should do the same.

---

[1] The government obtained an extension on the deadline to file a cert. petition on June 9, 2023.
[2] Defendants could have asked the Fifth Circuit to delay issuing the mandate pending a petition for *certiorari* but elected not to do so.

## II. Defendants' Interest in Seeking *Certiorari* Reinforces the Conclusion that this Case Is Not Moot

Plaintiffs' opening explained that Defendants' voluntary cessation of the federal-worker mandate does not moot the case because they continue to maintain the mandate was sound and legal policy, which can be easily reimposed. Defendants reinforce this conclusion by insisting that they have a continued interest in defending the federal-worker mandate before the Supreme Court, thus dispelling any doubt that the government seeks to preserve it as a policy instrument in its toolbox.

The authorities Defendants rely on for mootness are unpersuasive. First, they rely on a non-precedential, *per curiam* decision that did not even discuss voluntary cessation. *Hollis v. Biden*, No. 21-60910, 2023 WL 3593251 (5th Cir. May 18, 2023), cited at Def. Br. at 4. They then cite an out-of-circuit decision that rejected voluntary cessation in a footnote without explanation. *Donovan v. Vance*, --- F.4th ----, 2023 WL 3961129, at *4 n.5 (9th Cir. June 13, 2023), cited at Def. Br. at 4.[3] Defendants' reliance on *Freedom from Religion Foundation, Inc. v. Abbott*, 58 F.4th 824, 834 (5th Cir. 2023), cited at Def. Br. at 4, is also misplaced because the injunction in that case was mooted by the "formal[] repeal[]" of the challenged regulation, and there was no evidence the regulation could be reimposed. By contrast, and as explained in Plaintiffs' opening brief, ample evidence indicates Defendants may still reimpose the federal-worker mandate, and there is no formal agency or legislative repeal here. Although Congress repealed the Covid-19 emergency, the federal-worker mandate was not premised

---

[3] *Donovan*'s conclusory dismissal of voluntary cessation appears to be based on a "*cf.*" cite to *Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (en banc), which itself misstated the voluntary-cessation standard by omitting the Supreme Court's requirement for the defendant to make "absolutely clear" that the challenged conduct would not recur. *See West Virginia*, 142 S. Ct. at 2607. *Donovan* also rejected "the capable of repetition yet evading review" doctrine because, in the Ninth Circuit, that doctrine applies only to "classes of cases that … would *always* evade judicial review." 2023 WL 3961129, at *4 n.5 (emphasis in original). That extreme position is not the law in this Circuit, which instead asks whether "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," meaning "there must be enough time for the Supreme Court to review." *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020) (quoting *Kingdomware Techs., Inc. v. U.S.*, 579 U.S. 162, 170 (2016)).

on that emergency declaration, and its asserted authority remains on the books. Nor is Executive Order 14,099 a formal repeal because the mandate could be reimposed by simply issuing another Executive Order, *i.e.*, "with the stroke of a pen and without the input of Congress." *Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826, 829 (S.D. Tex. 2022).[4] Finally, *Abbott* held that even though the injunction was moot, the district court's "order and declaratory judgment—declaring that the Defendants violate the First Amendment by excluding the Foundation's exhibit from a limited public forum—shall remain." 58 F.4th at 828. Defendants do not address that holding, which confirms this Court should at the very least enter judgment and declaratory relief in favor of Plaintiffs.

### III. Defendants Forfeited Opposition to Plaintiffs' Motion for Class Certification, Summary Judgment, and Injunctive Relief

Finally, Defendants fail to address the merits of Plaintiffs' motion for class certification, summary judgment, and injunctive relief. They neither dispute that class certification is appropriate nor that the Fifth Circuit has issued binding precedent on Count V of their complaint. The Court should deem their cursory response to have forfeited any merits-based counterarguments. *See Gray v. White*, 18 F.4th 463, 469 (5th Cir. 2021) ("[W]hen a party fails to raise an argument in opposition to a motion for summary judgment …, that argument is waived.").

### CONCLUSION

The Court should lift the stay, certify the Class, grant summary judgment in Plaintiffs' favor on Count V, and permanently enjoin the federal-worker vaccine mandate as to all Class members.

Respectfully submitted,

---

[4] Further, *Abbott* was especially sensitive to the "serious federalism concerns" if "a federal court [were] to order state officials to continue enforcing a policy that the state agency has repealed." 58 F. 4th at 837. No such federalism concerns exist in this case.

/s/ John J. Vecchione
John J. Vecchione
*Counsel of Record*
Sheng Li
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
(202) 869-5210 (Telephone)
(202) 869-5238 (Fax)
John.Vecchione@ncla.legal

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

/s/ John J. Vecchione
John J. Vecchione
